IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-103 |
| | ) | |
| RIGOBERTO MAGANA SANCHEZ, and | ) | (VARLAN/SHIRLEY) |
| ELENA MARIA MAGANA, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 21, 2010, for a scheduled pretrial conference and motion hearing on Defendant Sanchez's three pending motions: Motion by Defendant Rigoberto Magana Sanchez to Continue Trial Date [Doc. 21], Defendant Rigoberto Magana Sanchez['s] Motion for Notice Pursuant to Fed. R. Crim. P. 12(b)(4)(B) [Doc. 22], and Defendant Rigoberto Magana Sanchez['s] Motion to Extend Deadline for Filing Pre-trial Motions [Doc. 23], all filed on August 30, 2010. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney Mark E. Brown represented Defendant Sanchez, and Attorney Eric M. Lutton represented Defendant Magana. Both Defendants were present and participated with the aid of an interpreter.

Defendant Sanchez's requests to extend the motion deadline and to continue the October 5 trial date both stem from defense counsel's need for additional time to review the

1

voluminous discovery in this case. At the September 21 hearing, Attorney Brown stated that the instant discovery involves numerous telephone conversations intercepted by the Government through wire taps. Despite his diligent efforts he has not been able to review all of this material to date. Moreover, he noted that he would be representing another client in a criminal trial in October and that much of his intervening time would be consumed with preparation for that trial. He requested that the motion-filing deadline be extended to late November. Attorney Lutton concurred in these motions on behalf of Defendant Magana. Mr. Lutton agreed that the discovery was indeed voluminous and that he needed additional time to review it. Defendants Sanchez and Magana informed the Court that they understood the request for a trial continuance and that they wanted their attorneys to have the time they needed to prepare.

The Government stated that it did not oppose the requests to extend the motion deadline and to continue the trial. AUSA Hui stated that the case was complex in that it involved conversations in Spanish intercepted from three telephones over a seven-month period. Counsel had encountered difficulty in scheduling a time to listen to these intercepted conversations, and the Government was in the process of providing copies of the line sheets (summaries in English of the conversations in Spanish created by persons monitoring the calls) and of the conversations intercepted from Defendant Sanchez's telephone. AUSA Hui stated that Defendant Sanchez participated in all of the conversations intercepted from his telephone and that Defendant Magana was in those conversations occurring when the Defendants called each other. The parties all agreed that the case was complex for speedy trial purposes and that all the time from the filing of the motion to continue to the new trial date was fully excludable. The parties selected a new trial date of February 28, 2011.

The Court finds Defendant Sanchez's motion to continue the October 5 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). This case involves voluminous discovery, consisting of intercepted telephone conversations in Spanish collected over a seven-month period from three telephones. The Indictment [1] charges the Defendants with participation in a conspiracy to distribute 1000 grams of marijuana, 500 grams of methamphetamine, and 5 kilograms of cocaine over nearly three years from 2001 to 2003. Due to the nature of the prosecution, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court finds[1] and the parties agree that a continuance is warranted in this case because the case is "complex" for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Once counsel complete their review of discovery, they will need time to prepare pretrial motions. The Court set a deadline of November 30, 2010, for the filing of pretrial motions. Responses are due on or before December 14, 2010. The parties are to appear on December 16, 2010, at 10:30 a.m., for a motion hearing on all pending motions. Following this hearing, the Court will need time, not to exceed thirty days, to issue a ruling or a report and recommendation. 18

---

[1] At the September 21 hearing, the Court mentioned that the case could also be deemed complex for purposes of defense counsel receiving funding above the statutory case compensation maximum provided under the Criminal Justice Act. If defense counsel seek to have a case declared complex for CJA purposes and seek to have the court determine, before the conclusion of the case, that interim payments and excess payments are warranted, then they must file a motion seeking the same. Such motions should not be filed unless and until the statutory cap has been met. Requests for funding in excess of the maximum limit, made after the conclusion of the case, may still be made by filing a CJA Form 20 supplemented with CJA Form 26.

U.S.C. § 3161(h)(1)(H). If the Defendant's raise dispositive issues, which the Court must address by report and recommendation, the parties will subsequently need time to file any objections to this Court's report. Then, the District Court will need time to rule upon the motions in light of the report and objections. Once the parties receive the Court's rulings, they will need time to prepare for trial. The Court finds that all of this could not take place by the October 5 trial date or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Sanchez's motion to continue the trial is **GRANTED** and the trial is reset for **February 28, 2011**. The Court also finds, and the parties agree, that all the time between the filing of the Defendant's motion on August 30, 2010, and the new trial date of February 28, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(h)(1)(H), and -(h)(7)(A)-(B). Defendant Sanchez's motion to continue the motion-filing deadline [**Doc. 23**] is also **GRANTED**, and the motion deadline is extended to **November 30, 2010**. Responses to motions are due on or before **December 14, 2010**.

With regard to additional scheduling, the parties are to appear before the undersigned on **December 16, 2010, at 10:30 a.m.**, for a pretrial conference and motion hearing on all pending motions. The Court will hold Defendant Sanchez's motion for notice pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure [Doc. 22] in abeyance until that hearing. The Court encourages the Government to disclose to defense counsel those telephone conversations that it will definitely not use at trial to aid in defense counsel's efficient review of the discovery. The deadline for concluding plea negotiations in this case is **January 28, 2011**. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **February 14, 2011**. Special requests

4

for jury instructions shall be submitted to the District Court no later than **February 18, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Motion by Defendant Rigoberto Magana Sanchez to Continue Trial Date [**Doc. 21**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 28, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the Defendant's motion on **August 30, 2010**, and the new trial date of **February 28, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Rigoberto Magana Sanchez['s] Motion to Extend Deadline for Filing Pre-trial Motions [**Doc. 23**] is **GRANTED**, and the motion-filing deadline is extended to **November 30, 2010**;

(5) Responses to motions are due on or before **December 14, 2010**;

(6) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **December 16, 2010, at 10:30 a.m.**;

(7) The plea negotiation cut-off deadline in this case is reset for **January 28, 2011**;

(8) Motions *in limine* must be filed no later than **February 14, 2011**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 18, 2011**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge