IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:06-CR-103 |
| RIGOBERTO M. SANCHEZ | ) | (VARLAN/SHIRLEY) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 20, 2010, for a motion hearing. Alexandra Hui appeared on behalf of the Government. Mark Brown appeared on behalf of the Defendant, who was also present.

**I. NOTICE OF INTENT TO USE EVIDENCE UNDER RULE 12(b)(4)(B)**

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the Defendant asks [Doc. 22] the Court to order the Government to provide written notice of all evidence subject to disclosure under Rule 16 that the Government contemplates using in its case-in-chief at trial in order to give the defendants the opportunity to move to suppress it. The Defendant also requests the Government designate which wire-tap recordings will be used during its evidence-in-chief. [Doc. 22]. The Government responds [Doc. 25] that is has provided the Defendant with

copies of all documents related to the authorization of the wiretaps in this case. Further, the Government asserts that it has made all interceptions available to the Defendant for his review and inspection, and that Rule 12(b)(4)(B) does not require the Government to identify which calls it intends to use at trial. [Doc. 25].

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See id. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief.[1]

---

[1] The Court notes that the Government is not required to wait for the Defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the Government is encouraged

The Court took up this motion at the December 20, 2010, motion hearing. On September 21, 2010, this Court encouraged the Government to disclose to the Defendant the telephone conversations that it would definitely not use at trial. At the December 20 hearing, the Government stated that the production of the wire-tap audiotapes would be limited to only those audiotapes involving the Defendant. In addition, the Government asserted that it would produce all line sheets of the audiotapes. The Government stated that the audiotapes are now available to the Defendant and that an interpreter will transcribe the audiotapes. The Defendant acknowledged that his motion was resolved by the above stated arrangement. Accordingly, the Court finds that the Government has complied with Rule 12(b)(4)(B). Thus, the Motion for Notice Pursuant to Rule 12(b)(4)(B) [**Doc. 22**] is **DENIED as moot**.

## II. CONCLUSION

Accordingly, it is **ORDERED** that the Defendant's the Motion for Notice Pursuant to Rule 12(b)(4)(B) [**Doc. 22**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.