IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-103 |
| | ) | |
| RIGOBERTO MAGANA SANCHEZ, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Counsel for Defendant Rigoberto Magana Sanchez, who has been appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, has moved by way of his Motion to Declare Case Complex and Extended [Doc. 37], permitting excess compensation and for the filing of interim payment vouchers. The Criminal Justice Act and the Guide to Judiciary Policy specifies that an attorney in a non-capital case charging one or more felonies may receive a maximum compensation of $9,700. 18 U.S.C. § 3006A(d)(2); 7 Guide to Judiciary Policy, Chapter 2-Appointment and Payment of Counsel, §§ 230.23.10(h), 230.23.20(a) (hereinafter Guide). An attorney may be allowed to receive a payment in excess of the $9,700 limit if the court certifies that payment in excess of the limit is necessary to provide fair compensation to the attorney and the payment is approved by the chief judge of the circuit or her designee. 18 U.S.C. § 3006A(d)(3).

In this case, Attorney Mark Brown requests that the case be declared complex and extended due to the extensive nature of the Government's wiretap investigation, which produced voluminous discovery. In addition, Attorney Brown asserts that he spent significant time researching and preparing the Defendant's Motion to Dismiss the Indictment [Doc. 28], based on a violation of

1

his Speedy Trial rights.

The following regulation is pertinent to the question of whether or not the $9,700 maximum on compensation should be waived:

(a) Overview

Payments in excess of CJA compensation maximums may be made to provide fair compensation in cases involving extended **or** complex representation when so certified by the court or U.S. magistrate judge and approved by the chief judge of the circuit (or by an active or senior circuit judge to whom excess compensation approval authority has been delegated).

(b) Extended or Complex Cases

The approving judicial officer should first make a threshold determination as to whether the case **is either** extended or complex.

-If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case, the case is "complex."

-If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case is "extended."

(c) Determining Fair Compensation

After establishing that a case is extended or complex, the approving judicial officer should determine if excess payment is necessary to provide fair compensation. The following criteria, among others, may be useful in this regard:

-responsibilities involved measured by the magnitude and importance of the case;

-manner in which duties were performed;

> -knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;
>
> -nature of counsel's practice and injury thereto;
>
> -any extraordinary pressure of time or other factors under which services were rendered; and
>
> -any other circumstances relevant and material to a determination of a fair and reasonable fee.

7 <u>Guide</u>, Chapter 2, § 230.23.40. "Case compensation limits apply only to attorney fees." 7 <u>Guide</u>, Chapter 2, § 230.23.10(d). There is no limit on the presiding judge's authority to reimburse *expenses* of counsel except as to compensation for investigators and other experts. 18 U.S.C. § 3006A(e); 7 <u>Guide</u>, Chapter 2, §§ 230.23.10(d), 230.63.10.

In this case, Defendant Sanchez is charged [Doc. 1] with conspiring to distribute and to possess with intent to distribute in excess of 1,000 kilograms or more of marijuana, 500 grams or more of methamphetamine, and 5 kilograms or more of cocaine hydrochloride from January 2001 to September 9, 2003. The Defendant's codefendant has entered a guilty plea in this case. The events underlying this case took place in the Eastern District of Tennessee.

First, Attorney Brown contends that discovery in this case is voluminous due to the nature of the wiretap investigation, which includes numerous wire-tapped telephone conversations and approximately 1,300 pages of "line sheets." Attorney Brown asserts that most of the recorded phone conversations are in Spanish and will require an interpreter. As a result, Attorney Brown explains that he has spent a substantial amount of time reviewing the details of the calls, determining what individuals were involved in the calls, and analyzing how the calls support the Government's charges. Attorney Brown also has to review this discovery with his client, who is detained, requiring numerous visits to the Defendant at the Blount County jail. Accordingly, Attorney Brown argues

3

that the case qualifies as extended and complex. The Government did not respond to the Defendant's Motion to Declare the Case Complex and Extended.

Second, on November 30, 2010, Defendant Sanchez filed a Motion to Dismiss the Indictment [Doc. 28], asking the Court to dismiss the indictment in this case based on a violation of the his Speedy Trial rights. The Court held a hearing on the motion on December 20, 2010. Attorney Brown asserts that significant time was spent researching and preparing the motion, in addition to the time that was spent speaking with family members regarding the factual background for the motion. [Doc. 37 at 3]. The factual basis of the Defendant's motion involves a 2003 information filed against him in Case No. 3:03-cr-102. Count One of the information charged the Defendant with conspiring to distribute and to possess with intent to distribute 500 grams or more of methamphetamine, 5 kilograms or more of cocaine, and 100 kilograms or more of marijuana. Count Two of the information charged the Defendant with conspiring to commit money laundering. The Defendant cooperated with authorities and was charged in an information, rather than in the multi-defendant indictment resulting from the investigation, which is styled <u>United States v. Cruz</u>, 3:03-cr-101. As a result of the Defendant's failure to appear at his initial appearance and change of plea hearing on November 29, 2004, and the a lack of knowledge regarding the Defendant whereabouts, the information against him was dismissed without prejudice. On August 1, 2006, a grand jury returned the indictment in this case. In June 2010, the Defendant was arrested in California on unrelated state charges, and on July 1, 2010, the Defendant was arrested on the federal arrest warrant for indictment. The undersigned issued a sixteen-page Report and Recommendation [Doc. 39] on January 19, 2011, recommending that the Motion to Dismiss the Indictment be denied.

The Court finds that the legal and factual issues involved in the preparation and

litigation of the motion were unusual and required "more time, skill, and effort" on the part of the Defendant's attorney than is typically required in the average case, rendering the case "complex." See 7 Guide, Chapter 2, §230.23.40(b). Further, the Court finds that more time and effort is required for total processing (including review, evaluation and preparation of discovery) in this case due to the voluminous and extensive nature of the discovery produced the need for interpreters and need to review with the Defendant. Id. Moreover, the Court finds that this case has reasonably required more time for pretrial proceedings than the typical case, making it "extended." See id.

Due to the nature of the charges asserted in the indictment, the large amount of discovery, and the length of the time between the Defendant's alleged involvement in a multi-person conspiracy, it is the opinion of the undersigned that this case meets the definition of both "complex" and "extended" as set out above and that excess payment may be necessary to provide fair compensation to counsel. See 7 Guide, Chapter 2, § 230.23.40(c). The Court notes that each voucher will be scrutinized and the Court will make a determination as to whether a fair and reasonable fee is claimed. It is also the opinion of the Court that it is necessary and appropriate to approve interim payments to the Defendant's attorney for fees and out-of-pocket expenses. See 7 Guide, Chapter 2,§ 230.73.10.

Accordingly, it is **RECOMMENDED** that the District Court sign and forward the attached "Memorandum and Order Concerning Excess and Interim Payments" to the chief judge of the circuit or her designee. Chapter 2 and Appendix 2C to the Guide to Judiciary Policy approves of this procedure. The regulations indicate that the Court should then take the following steps if the chief judge or her designee approves the request:

> (1) The Memorandum and Order Concerning Excess and Interim Payments should be filed in the record; and

(2) A copy of that document should also be sent to the CJA claims coordinator at the Criminal Justice Act Claims Section, Financial Management Division, Administrative Office, United States Courts.

In addition, an attorney seeking excess and interim payments should take the following steps:

(1) Form CJA 20 should be submitted with full documentation of all expenses claimed on the voucher;

(2) A number should be assigned to each voucher processed for payment;

(3) Item 19 of Form CJA 20 must be completed to indicate the time period covered by the voucher and whether it is for the final payment or for an interim payment; and

(4) The final voucher should:

(a) set forth in detail the time and expenses claimed for the entire case;

(b) reflect all compensation and reimbursement previously received;

(c) show the net amount remaining to be paid; and

(d) be approved by the chief judge of the circuit or her designee if the total claim for the case is in excess of the statutory limits.

7 Guide, Part A-Guidelines for Administering the CJA and Related Statutes, Appendix 2C.

For the reasons indicated, it is **RECOMMENDED** that the Motion to Declare Case Complex and Extended [Doc. 37] as to Defendant Rigoberto Magana Sanchez be granted pursuant to the procedures in the Guide to Judiciary Policy and as set out above.[1]

Respectfully submitted,

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).