UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-103 |
| | ) | (VARLAN/SHIRLEY) |
| RIGOBERTO MAGANA SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 39], entered on January 19, 2011 by U.S. Magistrate Judge C. Clifford Shirley, Jr. On August 1, 2006, a federal grand jury returned an indictment [Doc. 1] against the defendant, Rigoberto Magana Sanchez, charging him with a drug trafficking offense. On November 20, 2010, the defendant filed a motion to dismiss indictment [Docs. 28, 29], based on an alleged violation of his Sixth Amendment right to a speedy trial. The United States responded in opposition [Doc. 32]. On December 20, 2010, Magistrate Judge Shirley held a motion hearing during which the magistrate judge heard evidence and arguments on the defendant's motion [*see* Doc. 35]. At the end of the hearing, the magistrate judge took the motion under advisement.

In the R&R [Doc. 39], Magistrate Judge Shirley found that the defendant has not suffered a violation of his right to a speedy trial and recommended that the defendant's motion to dismiss indictment [Doc. 28] be denied. The defendant has filed objections to the

R&R [Doc. 42], requesting that the Court overrule the R&R, grant the defendant's motion, and dismiss the indictment. The government has filed a response to the defendant's objections [Doc. 44], asserting that the objections are without merit and that this Court should adopt the R&R in full. Thus, this matter is now before the Court on the defendant's objections.

I.  **Background Facts**[1]

In February 2003, the defendant was approached by FBI Special Agent Kenneth E. Moore ("Agent Moore") as a result of information regarding a drug conspiracy that law enforcement had obtained through a court-ordered wiretap of the defendant's cellular phone. The defendant agreed to cooperate in an on-going investigation relating to the conspiracy. In July 2003, the defendant signed a written plea agreement in which he pleaded guilty to a two-count information (the "2003 Information"). Count One of the 2003 Information charged the defendant with conspiracy to distribute and possess with intent to distribute five-hundred (500) grams or more of methamphetamine, five (5) kilograms or more of cocaine, and one-hundred (100) kilograms or more of marijuana, all in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(a)(1)(A), and 841(b)(1)(B) [Doc. 32, p. 2; *see also United States of America v. Rigoberto Magana Sanchez*, Case No. 3:03-CR-102, Doc. 3]. Count Two of the 2003 Information charged the defendant with conspiracy to commit money laundering, in violation

---

[1] The magistrate judge based his findings of fact on the testimony given at the motion hearing and the statements of fact contained in the pleadings.

of 18 U.S.C. § 1956(h) [*Id.*]. Around the time he signed the plea agreement, the defendant was cooperating and performing controlled buys for the government.

The 2003 Information was filed against the defendant on August 4, 2003. The defendant continued to work with Agent Moore until around September 4, 2004, at which time Agent Moore lost contact with the defendant. The defendant's initial appearance on the 2003 Information and his change of plea hearing was scheduled for November 29, 2004. The defendant, however, failed to appear in court on the date of the hearing and it was determined that he had fled the jurisdiction.

At the hearing before the magistrate judge on the defendant's motion to dismiss indictment, Agent Moore testified that he attempted to locate the defendant after he failed to appear in court. Agent Moore testified that he pursued leads in California and Oregon, that he contacted the defendant's girlfriend and her parents, and that he spoke to the defendant's sister, but that all leads proved negative. Agent Moore testified that after pursuing every lead, he opened a fugitive investigation. Agent Moore testified that a fugitive investigation involves developing lead information and entry of the defendant's information into the National Crime Information Center (the "NCIC") database. Agent Moore testified that at the time he entered the defendant's information into the NCIC database, he had no knowledge that the defendant was using an alias and a fictional social security number.

As of 2006, law enforcement and the government were still unaware of the defendant's whereabouts. On June 15, 2006, the government moved to unseal and dismiss

the 2003 Information. On June 19, 2006, the Court granted the government's motion, unsealed the 2003 Information, and dismissed it without prejudice.

On August 1, 2006, a federal grand jury returned an indictment [Doc. 1] against the defendant (the "2006 Indictment"). The 2006 Indictment contains one charge, the alleged offense of conspiracy to distribute and possess with intent to distribute five-hundred (500) grams or more of methamphetamine, five (5) kilograms or more of cocaine, and one-thousand (1,000) kilograms or more of marijuana, all in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(a)(1)(A).[2]

In June 2010, the defendant was arrested in California on state charges. On July 1, 2010, the defendant was arrested on the federal arrest warrant for the 2006 Indictment.

## II. Analysis

### A. Standard of Review

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has

---

[2]The R&R [Doc. 39, p. 1] and the government's brief in response to the defendant's motion to dismiss [Doc. 32, p. 3] incorrectly state that the defendant was charged in the 2006 Indictment with distributing one-hundred (100) kilograms of marijuana. The 2006 Indictment actually charges the defendant with conspiracy to distribute and possess with intent to distribute one-thousand (1,000) kilograms or more of marijuana [Doc. 1]. The R&R correctly states the relevant statutory sections in the 2006 Indictment that the defendant has been accused of violating. While similar, the charge in the 2006 Indictment is not identical to the charge contained in Count One of the 2003 Information. The 2003 Information charges the lesser offense of conspiracy to distribute one-hundred (100) kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B), as opposed to conspiracy to distribute one-thousand (1,000) kilograms of marijuana, the charge in the 2006 Indictment. The amounts and charges relating to the other charged drugs are the same. Additionally, the 2006 Indictment does not charge the defendant with the offense charged in Count Two of the 2003 Information.

carefully considered the R&R [Doc. 39], the parties' underlying and supporting briefs, [Docs. 18, 19, 32], the defendant's objections [Doc. 42], and the government's response to those objections [Doc. 44], all in light of the relevant law. For the reasons set forth herein, the Court will overrule the defendant's objections [Doc. 42], accept in whole the R&R [Doc. 39], and deny the defendant's motion to dismiss indictment [Doc. 28].

**B.     The R&R**

The R&R applies the balancing test articulated by the U.S. Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), to the facts of this case. In *Barker*, the Supreme Court identified four factors which courts should assess in determining whether a particular defendant has been deprived of his right to a speedy trial: "[l]ength of delay, reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.*, 407 U.S. at 530. After analyzing and weighing the four factors in relation to the specific facts of this case, Judge Shirley concluded that the second, third, and fourth factors weighed against the defendant and did not weigh in favor of the defendant's argument that his right to a speedy trial has been violated [Doc. 39, p. 7]. Accordingly, Judge Shirley recommended that the defendant's motion to dismiss the indictment be denied [*Id.*, p. 16].

The defendant objects to the magistrate judge's application of the second, third, and fourth factors.[3] The government argues that the magistrate judge's analysis and application of those factors was proper.

---

[3]The defendant asserted and the government conceded that the first factor, the length of the delay, was presumptively prejudicial [Doc. 39, p. 8].

### C. Reason for the Delay

The magistrate judge found that the defendant intentionally evaded prosecution and that law enforcement was not negligent in its attempts to locate him. Accordingly, Judge Shirley found that the defendant caused the delay and that the second factor in the *Barker* test weighed heavily against the defendant.

The defendant objects to this finding and asserts that the government is responsible for the delay. The defendant argues that the 2003 Information and the 2006 Indictment are separate cases, that the defendant never knew about the charges in the 2006 Indictment, and that the magistrate judge improperly assumes that because the defendant was aware of the charges in the 2003 Information, he was automatically on notice of the charges in the 2006 Indictment. The defendant contends that the R&R improperly distinguishes *Doggett v. United States*, 505 U.S. 647 (1992) and that the facts of *United States v. Brown*, 169 F.3d 344 (6th Cir. 1999) are similar to the facts presented in this case. Last, the defendant contends that the magistrate judge gave too much weight to the testimony and actions of Agent Moore, that there is no proof that the government exercised reasonable diligence in attempting to locate him, and that there is no evidence that Agent Moore or the government took any action after the filing of the 2006 Indictment.

The government disagrees, arguing that the defendant was aware that he was being prosecuted for criminal conduct, the same conduct that is the subject of both the 2003 Information and the 2006 Indictment, and that the defendant intentionally evaded prosecution for these charges. The government also argues that the defendant is responsible for the delay

in the case. The government asserts that Judge Shirley was correct in distinguishing *Doggett* because Doggett, unlike the defendant in this case, was not aware that charges had been filed against him. In this case, the government asserts that Judge Shirley correctly distinguished Doggett from this defendant because this defendant "knew of the pending charges against him when he fled the jurisdiction." [Doc. 44, p. 2 (citing Doc. 39, p. 110)]. *Doggett* is also distinguishable, the government argues, because a simple inquiry by law enforcement would not have led them to the defendant due to the defendant's assumption of an alias and a fictional social security number. Last, the government argues that *Brown* is distinguishable because, unlike in this case, no charges were pending against Brown at the time he fled the jurisdiction, there was no evidence that Brown was aware that he had been charged or that he intentionally hid from law enforcement, and the government in *Brown* did not act diligently because it made no attempt to contact Brown's attorney even after the attorney told the government to inform him when charges were filed against his client.

The Court finds the defendant's objections unavailing. The defendant does not argue that he was not aware of the charges against him in the 2003 Information and the defendant does not dispute that he fled the jurisdiction while the charges in the 2003 Information were pending. Prosecution by information requires a defendant to waive, in open court and after being advised of the nature of the charge and of his or her rights, the right to prosecution by an indictment. *See* Fed. R. Crim. P. 7(b). The defendant in this case ceased cooperating with authorities and fled the jurisdiction before he could appear in open court and waive prosecution by indictment. Thereafter, the Court, upon motion by the government, dismissed

7

the 2003 Information without prejudice. Subsequent to that dismissal, the government brought the 2006 Indictment. The charges presently pending against the defendant in the 2006 Indictment arise out of the same alleged criminal conduct that was the subject of the charges in the 2003 Information. The Court agrees with Judge Shirley that because the defendant was aware that charges had been filed against him in the 2003 Information and, knowing about these charges, he purposefully fled the jurisdiction, the defendant has intentionally evaded prosecution for the charges against him even if he was not aware of the 2006 Indictment.

The Court also agrees that the magistrate judge properly distinguished *Doggett*. Judge Shirley gave a comprehensive summary of *Doggett* and distinguished it from this case because the defendant knew of the charges against him when he fled and because Agent Moore testified that he followed up on every lead as to the defendant's whereabouts [Doc. 39, pp. 10-11]. Moreover, Judge Shirley found that Agent Moore's actions in attempting to locate the defendant "do not rise to the level of police negligence found in *Doggett*." [*Id.*, p. 11]. The Court agrees with the magistrate judge that Agent Moore and the government pursued the defendant with reasonable diligence. Agent Moore followed up on all available leads and, unlike in *Doggett*, it cannot be said that Agent Moore "made no effort to find out for sure [the defendant's whereabouts] or to track" down the defendant. *See Doggett*, 505 U.S. at 650. Further, given Agent Moore's testimony that the defendant assumed an alias and a fictional social security number, the Court does not find, as the Supreme Court did in *Doggett*, that had Agent Moore inquired into the whereabouts of the defendant, he "could

have found him within minutes." *See id.* at 652. The Court has been presented with no credible evidence that Agent Moore and the government did not engage in reasonable diligence in attempting to locate the defendant.

The Court also finds *Brown* to be distinguishable. In *Brown*, the U.S. Court of Appeals for the Sixth Circuit found that the government had not presented credible evidence that Brown was aware of the indictment or the charges against him or that Brown had intentionally hid from law enforcement. *Brown*, 169 F.3d at 349. In this case, while the defendant asserts that there is no evidence that he knew of the 2006 Indictment, this assertion ignores the defendant's awareness of the charges against him in the 2003 Information. Furthermore, in *Brown*, the court of appeals noted that law enforcement had agreed to notify Brown's attorney if charges were brought against his client. *Id.* at 347, 349. Neither law enforcement nor the government, however, notified Brown's attorney when charges against Brown were brought. *Id.* at 349. In this case, there is no similar act of negligence or lack of reasonable diligence by the government or Agent Moore.

Accordingly, given the foregoing, the defendant's objections to the magistrate judge's analysis and application of the second factor are overruled.

### D. Assertion of the Right

In considering the third factor, a defendant's invocation of the right to a speedy trial, Judge Shirley noted that "[w]hile the [d]efendant may have been unaware of the [2006 Indictment] . . . when he was arrested, he was certainly aware of the original charges contained in the [2003 Information], pending in the first case when he fled and, which

9

charged illegal actions that are the basis" of the 2006 Indictment [Doc. 39, p. 12]. Thus, Judge Shirley concluded that the third factor in the *Barker* test weighs against the defendant because he knowingly evaded the charges against him.

The defendant objects to this finding, arguing that the third factor requires only that the defendant timely assert his right to a speedy trial and that he could not have done so because he was not aware of the 2006 Indictment until his arrest in July 2010. The defendant also asserts that Judge Shirley's finding that there are no additional charges in the 2006 Indictment is erroneous because the 2003 Information charged the defendant with one-hundred (100) kilograms of marijuana, whereas the 2006 Indictment charges the defendant with one-thousand (1,000) kilograms of marijuana.

As the magistrate judge properly noted, "where a defendant knowingly evades charges against him, the 'third factor, concerning invocation of the right to a speedy trial, [is] weighs heavily against him.'" [Doc. 39, p. 12 (quoting *Doggett*, 505 U.S. at 653)]. Thus, contrary to the defendant's assertion, timely assertion of the right to a speedy trial is not necessarily the end of the inquiry for this third factor. Judge Shirley found that the defendant knew of the charges in the 2003 Information when he fled. While the Court notes that the 2003 Information and the 2006 Indictment are not identical, the Court is unpersuaded that the difference in the amount of marijuana charged in the 2003 Information demands a finding that the defendant's right to a speedy trial has been violated. The charges in both instruments arose out of the same alleged criminal conduct, both instruments charge the defendant with conspiracy to distribute five-hundred (500) grams or more of methamphetamine and five (5)

10

kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and both instruments contain a charge that requires a statutory mandatory minimum term of imprisonment of ten (10) years to life.[4] Judge Shirley also noted that the defendant knowingly evaded prosecution because he fled the jurisdiction knowing of the charges against him in the 2003 Information and that his flight occurred after he had signed a plea agreement pertaining to those charges. In sum, the Court is in agreement with Judge Shirley's analysis and application of the third factor and the Court agrees that the defendant's knowledge of the charges in the 2003 Information belie his argument that he had no knowledge that charges were pending against him. Accordingly, the defendant's objections to the third factor are hereby overruled.

### E. Prejudice to the Defendant

In regard to the fourth factor, prejudice to the defendant, Judge Shirley determined that the defendant knew of the charges against him, fled the jurisdiction, and evaded prosecution. Judge Shirley also determined that the government and law enforcement acted with reasonable diligence in attempting to locate the defendant. Given the foregoing, Judge Shirley concluded that the defendant was culpable in causing the delay. The magistrate judge did not find no prejudice has resulted to the defendant from the delay, rather, Judge Shirley

---

[4]*See* 21 U.S.C. § 841(b)(1)(A) ("In the case of a violation of [21 U.S.C. § 841(a) . . . involving - - (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of - - . . . (II) cocaine . . . (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III); . . . (viii) 50 grams or more of methamphetamine . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life[.]").

found that because the defendant is responsible for the delay, any resulting prejudice does not weigh in his favor [Doc. 39, p. 14]. Judge Shirley also noted that the prejudice in this case is not limited to the defendant because the delay also caused prejudice to the government.

The defendant objects to the magistrate judge's analysis of the fourth factor, arguing that the government has conceded prejudice and, given the delay in this case, the defendant is not required to point to any specific prejudice. The government disagrees and asserts that it has not conceded prejudice. On the contrary, the government asserts that the prejudice in this case is borne solely by the government given the unavailability of some witnesses and the fading memories of any other witnesses.

As Judge Shirley noted "[t]he Defendant may not use his flight to evade prosecution in the first case as a shield to prevent prosecution in this case[.]" [Doc. 39, p. 10 (citing *Brown*, 169 F.3d at 349 (stating that when "[a] defendant who evades prosecution is culpable in causing the delay . . . the prejudice growing from such delay cannot be weighed in his favor."))]. Given this, Judge Shirley found, and the Court agrees, that the defendant was culpable in causing the delay because he fled the jurisdiction aware that charges had been filed against him–charges which arise out of the same criminal conduct that is the basis for the charge in the 2006 Indictment. Accordingly, even assuming prejudice to the defendant, that prejudice does not weigh in the defendant's favor because he was culpable in causing the delay.

### III. Conclusion

For the reasons given above, the Court **OVERRULES** the defendant's objections [Doc. 42] to Magistrate Judge Shirley's R&R. The Court **ACCEPTS IN WHOLE** the R&R [Doc. 39] and the defendant's motion to dismiss indictment [Doc. 28] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE